IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ISAAC LENNIS WOLFE**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:15CV00489 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **GRONDOLSKY,** | ) | By: James P. Jones |
| | ) | |
| Defendant. | ) | |

*Isaac Lennis Wolfe, Pro Se Petitioner.*

The petitioner, Isaac Wolfe, proceeding pro se, filed this action as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Wolfe, who was civilly committed after being found not guilty by reason of insanity in this court, asserts as his sole claim: "I have no conviction in any courtroom about doing bodily injury to people." (Pet. 6, ECF No. 1.) After review of the record, I conclude that this petition must be summarily dismissed without prejudice.

On June 10, 2014, I conducted a hearing and found that Wolfe had not proved by a preponderance of the evidence that his release would present no such risk and ordered that he be committed to the custody of the Attorney General under 18 U.S.C. § 4243(e). Since that time, Wolfe has been confined at the Federal Medical Center Devens in Massachusetts pursuant to my June 10, 2014, order of

commitment. He filed this § 2241 petition on September 14, 2015, apparently asking to have the commitment order vacated as legally insufficient to justify his detention.

I conclude that Wolfe's § 2241 petition is not properly filed in this court. A petition under § 2241 must be brought in the district court with jurisdiction over the petitioner's custodian. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Wolfe, although convicted and sentenced in this court, is currently confined at the medical center in Massachusetts. This court has no jurisdiction over the warden of the Massachusetts facility, who is Wolfe's current custodian and the proper respondent to his § 2241 petition.

While I could transfer Wolfe's petition to the appropriate court in Massachusetts, I do not find this disposition justified, because I do not believe Wolfe is eligible for habeas corpus relief in Massachusetts. "[H]abeas corpus is an extraordinary remedy typically available only when 'the petitioner has no other remedy.'" *Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004) (quoting *Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir. 2002)). Wolfe has another available remedy by which to seek review of his commitment – namely, a motion under 18 U.S.C. § 4247(h) in this court to seek discharge from commitment. For this reason, Wolfe may not seek this remedy through a habeas petition elsewhere. *Archuleta*, 365 F.3d at 649.

Because I ordered Wolfe's commitment under 18 U.S.C. § 4243, I could construe and address Wolfe's § 2241 petition as a motion seeking discharge from commitment under § 4247(h). *Archuleta*, 365 F.3d at 649. However, I do not find any factual basis in Wolfe's current submission to justify construing it as such a motion. Instead, I will dismiss Wolfe's § 2241 petition without prejudice. *See* Rules Governing § 2254 Cases 1(b), 4.

A separate Final Order will be entered herewith.

DATED: October 13, 2015

/s/ James P. Jones
United States District Judge

-3-

Case 7:15-cv-00489-JPJ-RSB   Document 2   Filed 10/13/15   Page 3 of 3   Pageid#: 13